UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK MCCARTHY,

        Plaintiff,

vs.

Case No. 18-CV-10984

HON. GEORGE CARAM STEEH

JOHN KOSKINEN INDIVIDUALLY
AND AS A MEMBER OF THE
INTERNAL REVENUE, SERVICE,
et al.,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. 8]

Plaintiff Patrick McCarthy filed this action against the Internal Revenue Service and several individual defendants seeking damages related to the overpayment of taxes, penalties and interest. The matter is before the court on the United States' motion to dismiss plaintiff's complaint, brought on behalf of all defendants. The court is familiar with the case and the pleadings filed by both sides. The court does not believe that it would benefit from oral argument in this case and will decide the motion on the briefs.

- 1 -

## FACTUAL BACKGROUND

Plaintiff alleges that on August 3, 2015 he was served with an IRS Notice of Deficiency, or "90-Day" notice. The notice stated that the IRS determined a deficiency of $1,625.00 for the plaintiff's 2013 taxes as a result of $2 of unreported interest income and the IRS's disallowance of a $6,500 deduction the plaintiff claimed for IRA contributions. Plaintiff contends the Notice of Deficiency was "false and fraudulent" because he believes the addition of $2 of income would make no difference in the amount of tax he owed and he believes he is entitled to make tax deductible IRA contributions up to $6,500 per year.

Plaintiff states that on March 31, 2016 he paid the $1,625.00 tax deficiency and filed an IRS Form 843 *Claim for Refund and Request for Abatement*. In his complaint, plaintiff makes a claim for a refund of his taxes, as well as for punitive and exemplary damages. He also purports to act as a Private Attorney General and bring civil and criminal charges and fines against defendants Lois Lerner and John Koskinen. While the complaint names Alan Dichter, Timothy Tole and Larry Canada, it does not appear to make any allegations against those defendants. The matter is before the court on defendants' motion to dismiss.

## STANDARD OF REVIEW

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555) (other citations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051 (6th Cir. 2011) (*citing Twombly*, 550 U.S. at 555).

ANALYSIS

I.  Claim for Tax Refund

In suits for tax refunds, the United States has consented to be sued, but only when the taxpayer follows the conditions set forth in 26 U.S.C. §§ 7422(a) and 6511.  *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7-9 (2008).  These statutes provide that a suit may not be maintained for the recovery of any internal revenue tax alleged to have been erroneously assessed or collected until a claim for refund has been duly filed with the Secretary according to the provision of law.  To be "duly filed," a claim for refund must comport with the requirements of Section 6511(a) and (b) of the Internal Revenue Code.  *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008).  Furthermore, "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court."  *United States v. Dalm*, 494 U.S. 596, 602 (1990).

Where the taxpayer seeks a refund of an overpayment of individual income taxes, a claim for refund must be made on a Form 1040 or 1040X.  *See* 26 C.F.R. §§ 301.6402-2(a) & (5).  In this case plaintiff did not file a Form 1040 or 1040X.  Rather, he filed a Form 843, which is to be used in claiming a refund of other types of tax.  26 C.F.R. § 301.6402-3(a)(2).  In

fact, Form 843 states under "Purpose of Form": "Do not use Form 843 to request a refund of income tax . . . ." Because plaintiff did not file the proper form for seeking a refund of an alleged individual income tax overpayment, the court concludes that it lacks jurisdiction to hear plaintiff's claim for refund.

The government does not request that the entire complaint be dismissed with prejudice because it concedes that plaintiff's Form 843 could constitute an informal claim for refund if plaintiff perfected the claim by filing the proper form. The plaintiff could file a new suit for refund if he files a claim for refund on a properly executed Form 1040X and the IRS does not grant the refund or act on it for six months.

For the reasons set forth above, the court grants the government's motion to dismiss plaintiff's tax refund claim without prejudice, for lack of jurisdiction.

II.  Claim for Damages

Plaintiff's complaint alleges that he seeks damages as a result of the IRS's determination and assessment of additional income tax for the 2013 tax year. Plaintiff has not plead a specific cause of action in support of his damages claim. He filed a Standard Form 95 *Claim for Damage, Injury or Death*, which is a form used to make an administrative claim for tort claims

against the United States pursuant to the Federal Tort Claims Act ("FTCA"). *See Garrett v. United States*, 640 F.2d 24, 25-26 (6th Cir. 1981). 1981). While the FTCA waives sovereign immunity with respect to certain actions, those connected with the assessment or collection of taxes "are expressly excluded from the waiver." *Fishburn v. Brown*, 125 F.3d 113, 115 (6th Cir. 1988); 28 U.S.C. § 2680(c).

As the government recognizes, Congress has waived sovereign immunity for plaintiffs seeking damages for wrongful collection actions where "any officer or employee of the IRS recklessly or intentionally, or by reason of negligence, disregards any provision" of the Code and regulations. 26 U.S.C. § 7433(a) ("Wrongful Collections Statute"). In this instance, plaintiff's wrongful collection action is barred by the statute of limitations. An action pursuant to Section 7433 must be brought within two years after the date such action accrues. 26 U.S.C. § 7433(d)(3). The cause of action accrues "when the taxpayer has had a reasonable opportunity to discover all the essential elements of the possible cause of action." 26 C.F.R. § 301.7433-1(g)(2). Plaintiff received the Notice of Deficiency that he alleges is fraudulent on August 3, 2017. At that time he had all the information necessary to discovery the elements of a possible cause of action. The statute of limitations therefore expired on August 3,

2017. Plaintiff filed his lawsuit on March 27, 2018, almost eight months after the statute of limitations expired.

Since the FTCA does not waive sovereign immunity for actions connected with the assessment or collection of taxes, and such claim is not authorized by any other cause of action, plaintiff's damages claim is dismissed.

III. Claims Against Individual Defendants

As a private citizen, plaintiff lacks standing to enforce violations of federal criminal provisions against individual defendants Lerner and Koskinen. Plaintiff has not identified any cause of action asserted against defendants Dichter, Tole or Canada. Therefore, plaintiff fails to state a claim against these individual defendants.

## CONCLUSION

For the reasons stated above, the court dismisses plaintiff's claim for a tax refund without prejudice and dismisses the remainder of plaintiff's claims with prejudice.

IT IS SO ORDERED.

Dated: September 11, 2018

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

- 8 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 11, 2018, by electronic and/or ordinary mail and also on Patrick McCarthy, P.O. Box 574, Milford, MI 48381.

s/Barbara Radke
Deputy Clerk